UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LUIS YULI,

                                    Plaintiff,

                              -against-

TRANS UNION, LLC, EQUIFAX
INFORMATION SERVICES, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
ONEMAIN FINANCIAL, MUNICIPAL
CREDIT UNION, TOYOTA MOTOR CREDIT
CORPORATION, T.D. BANK, N.A.,

                                    Defendants.
-------------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

18-cv-7018 (JMA)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

       By way of Complaint dated December 18, 2018, Plaintiff Luis Yuli ("Yuli" or "Plaintiff") commenced this action against Defendants Trans Union, LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc., OneMain Financial, Municipal Credit Union, Toyota Motor Credit Corporation, and T.D. Bank, N.A.[1] ("TD Bank" or "Defendant") alleging violations of Yuli's rights under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). *See* Complaint ("Compl."), Docket Entry ("DE") [1]. Presently before the Court, on referral from the Honorable Joan M. Azrack for Report and Recommendation, is Defendant TD Bank's motion for judgment on the pleadings pursuant to Fed. R. Civ.

---

[1]     TD Bank notes in its Memorandum of Law In Support of Defendant TD Bank USA, N.A.'s Motion for Judgment on the Pleadings ("Def. Memo" or "Defendant's Memo"), DE [71-5], that it has been incorrectly identified as TD Bank, N.A. Def. Memo, 1. Its correct identification is TD Bank USA, N.A. *Id.*

P. 12(c) or, alternatively, dismissal for lack of standing. *See* DE [71]. For the reasons set forth below, the Court respectfully recommends granting TD Bank's motion on Fed. R. Civ. P. 12(c) grounds and dismissing Plaintiff's claims against TD Bank with prejudice.

## I. BACKGROUND

On October 30, 2019, TD Bank filed the instant motion. *Id.* The filing included, *inter alia*, Plaintiff's memorandum in opposition to the motion, Plaintiff's Memorandum of Law in Support of its Opposition to Defendant TD Bank, N.A.'s Motion for Judgment on the Pleadings ("Pl. Opp." or "Plaintiff's Opposition"), DE [71-6], and Defendant's reply memorandum, Reply Memorandum of Law in Support of Defendant TD Bank USA, N.A.'s Motion for Judgment on the Pleadings, DE [71-7]. On May 27, 2020, Judge Azrack referred the instant motion for a Report and Recommendation. *See* Order Referring Motion, dated May 27, 2020.

The facts set forth herein are taken both from the Complaint and documents that are integral to the Complaint, including Yuli's monthly credit card statements, which are attached both to TD Bank's Answer to Plaintiff's Complaint with Affirmative Defenses ("Def. Ans." or "Defendant's Answer"), s*ee* DE [32], Ex. A, 36-90, and Defendant's motion, Motion for Judgment on the Pleadings Exhibit 3, DE [71-4], Ex. A, TD BANK MJP_000006 - 000060 ("Credit Card Statements").

This action is comprised of claims for willful and negligent violations of the FCRA against three "consumer reporting agencies,"[2] Defendants Trans Union,

---

[2] A consumer reporting agency is an entity that "for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating

2

Equifax and Experian Information Solutions, Inc., and four "credit furnishers,"[3] Defendants OneMain Financial, Municipal Credit Union, Toyota Motor Credit Corporation and TD Bank. Compl., ¶¶ 6-18, 67-198. At this time, TD Bank is the only remaining defendant in this action, as all other defendants were terminated by joint stipulations of dismissal. *See* DEs [48], [55], [56], [59], [67], and [69].

Plaintiff's allegations against TD Bank are that it furnished inaccurate information to Trans Union and Equifax, which then published the inaccurate information in credit reports, which were distributed to various persons and credit grantors. Compl., ¶¶ 55-57. Although Plaintiff does not specify what the inaccurate information consisted of, or when it was reported, he asserts that the information was inaccurate because he "was never late in his payments." *Id.* ¶ 56. Likewise, although the Complaint does not identify what late payments Yuli is referring to, it is apparent from Defendant's Answer, Defendant's Memo, Plaintiff's Opposition, and the Credit Card Statements that the late payments refer to payments on a Target-brand credit card issued by TD Bank. Def. Ans. ¶ 56; Def. Memo, 1; Pl. Opp., 2. Thus, the Court understands Yuli's allegation to mean that Defendant reported that Plaintiff made late payments on his TD Bank credit card. Further, Yuli alleges that on or around July 18, 2018 he notified Trans Union and Equifax that he was disputing the

---

consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

[3]      Credit furnishers are "entities that transmit, to credit reporting agencies, information relating to debts owed by consumers." *Kane v. Guaranty Residential Lending, Inc.*, No. 04–CV–4847, 2005 WL 1153623, at *3 (E.D.N.Y. May 16, 2005).

3

account's late notation, although he does not provide any further explanation of what this notation is. *Id.* ¶ 58. Moreover, Yuli states that "[i]t is believed and therefore averred that Trans Union and Equifax notified [ ] TD Bank of Plaintiff's dispute." *Id.* ¶ 59. Nevertheless, Plaintiff alleges that TD Bank failed to conduct a reasonable investigation and continued to report "false and inaccurate adverse information" on Yuli's consumer report with respect to the disputed accounts, "including late payment notations." *Id.* ¶ 60. According to Yuli, Defendant continues to furnish "inaccurate and materially misleading" credit data, and this continues to negatively impact his creditworthiness and credit score. *Id.* ¶¶ 64-66.

On February 5, 2019, TD Bank filed its Answer, which includes Yuli's monthly credit card billing statements from August 10, 2016 through December 10, 2018.[4]

The Court considers the Credit Card Statements to be integral to the Complaint because Plaintiff's claims rely heavily on their terms and effects and they relate to a key fact alleged in his Complaint— that he was "never late" on his payments. Compl. ¶¶ 56-57. *See Mund v. Transunion*, No. 18-CV-6761, 2019 WL 955033, at *1, *4, n.1 (E.D.N.Y. Feb. 27, 2019) (considering a credit report produced by a defendant in deciding a motion to dismiss on an FCRA claim because, *inter alia*,

---

[4] Defendant appended the following documents to its Answer and motion: (1) the credit card agreement with Plaintiff, (2) credit card statements from August 10, 2016 through December 10, 2018, (3) a portion of TD Bank's reporting information on Yuli's account, and (4) the account trade lines reported by Trans Union and Equifax as of February 4, 2019. *See* Def. Ans.; Motion for Judgment on the Pleadings Exhibit 3, Ex. A, TD BANK MJP_000002 – 000060, Ex. B, TD BANK MJP_000062 – 000066, and Ex. C, TD BANK MJP_000068 – 000070. The Court declines to consider (1) the credit card agreement with Plaintiff, (3) the portion of TD Bank's reporting information on Yuli's account and (4) the account trade lines reported by Trans Union and Equifax as of February 4, 2019 in ruling on this instant motion because these documents are not integral to the Complaint.

4

Plaintiff solely relied upon it and it was integral to the complaint). In addition, Yuli does not dispute the veracity of the Credit Card Statements. In fact, he explicitly relies on the information reflected in the Credit Card Statements to advance his own arguments. *See* Pl. Opp., 2, 6-7.

These Credit Card Statements reflect that Plaintiff failed to make payments on the account when they came due in April and May 2017, and again in August and September 2017. Def. Ans.; Motion for Judgment on the Pleadings Exhibit 3, Ex. A, TD Bank_MJP_000022 – TD Bank_MJP_00025, TD Bank_MJP_000030 – TD Bank_MJP_00033.

Plaintiff brings two causes of action against TD Bank based on its alleged conduct: (1) willful violation of Section 1681s-2(b) of the FCRA, and (2) negligent violation of Section 1681s-2(b) of the FCRA. *Id.* ¶¶ 176-98. For both claims, Yuli alleges that because of TD Bank's actions, he suffered damages for the loss of credit, loss of the ability to purchase credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials. *Id.* ¶¶ 184, 197. For the willful violation, Plaintiff claims that he is entitled to recover actual, statutory, and punitive damages, in addition to attorney's fees and court costs. *Id.* ¶¶ 185-86. For the negligent violation, Yuli alleges that he is entitled to recover actual damages, in addition to attorney's fees and court costs. *Id.* ¶¶ 196, 198.

TD Bank moves to dismiss both of Yuli's claims against it with prejudice pursuant to Fed. R. Civ. P. 12(c) or, alternatively, for lack of standing.

## II. LEGAL STANDARDS

### A. <u>Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings</u>

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for addressing a Rule 12(c) motion mirrors that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Hogan v. Fischer*, 738 F.3d 509, 514-15 (2d Cir. 2013) (citation omitted). To survive a motion to dismiss pursuant to either Rule 12(b)(6) or Rule 12(c), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1975 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (citation omitted). A Rule 12(c) motion should be granted "if, from the pleadings, the moving party is entitled to judgment as a matter of law." *Dargahi v. Honda Lease Trust*, 370 F. App'x 172, 174 (2d Cir. 2010) (internal quotation marks and citation omitted); *Nathaniel v. City of N.Y.*, No. 16-cv-256, 2017 WL 3912986, at *1 (E.D.N.Y. Sept. 6, 2017) (citations omitted).

Moreover, in ruling on a motion to dismiss, the Court may consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents integral to the complaint and relied upon in it, even if not

attached or incorporated by reference, [and] (3) documents or information contained in [the] defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint. . . ." *Belfon v. Credit Check Total Consumerinfo.com, Inc.,* No. 18-cv-00408, 2018 WL 4778906, at *3 (E.D.N.Y. Oct. 1, 2018) (internal quotation marks and citation omitted). The Court may acknowledge "documents upon the terms and effect of which the complaint relies heavily—that is, integral documents . . . provided it is clear on the record that no dispute exists regarding the authenticity or accuracy of the documents." *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 379 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

### III. DISCUSSION[5]

#### A. **T.D Bank's Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings**

TD Bank seeks judgment on the pleadings on the grounds that Plaintiff failed to state a claim under the FCRA. Def. Memo, 5-9. For the reasons set forth below, the Court recommends that Defendant's motion be granted.

*i. Section 1681s-2(b) of the FCRA*

The FCRA "regulates credit reporting procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information." *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150 (2d Cir. 2012) (citing 15 U.S.C. § 1681(b)). Further, "[a]s part of [its] regulatory scheme, [the FCRA] imposes several duties on

---

[5] Because the Court concludes that Defendant TD Bank is entitled to judgment on the pleadings under Fed. R. Civ. P. 12(c), it need not consider Defendant's arguments that Plaintiff failed to allege facts sufficient to confer Article III standing. Def. Memo, 10-14.

those who furnish information to consumer reporting agencies." *Id.* (citing 15 U.S.C. § 1681s-2).

Plaintiff alleges that Defendant TD Bank willfully and negligently violated Section 1681s-2(b) of the FCRA. Under this provision, credit furnishers are required to investigate and verify the accuracy of the information that they report following notice of a dispute from a credit reporting agency. *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012); *see Nguyen v. Ridgewood Sav. Bank*, 66 F. Supp. 3d 299, 305 (E.D.N.Y. 2014) (citations omitted).

Pursuant to Section 1681s-2(b) of the FCRA, once a credit furnisher receives notice of a dispute regarding the completeness or accuracy of information from a consumer reporting agency,[6] the FCRA requires credit furnishers to (1) conduct an investigation, (2) review all relevant information provided by the credit reporting agency, and (3) report the results of the investigation to the credit reporting agency. *See* 15 U.S.C. § 1681s-2(b). Further, if the investigation results in a finding of an inaccuracy, the credit furnisher is required to report those results to all of the credit reporting agencies that it furnished the information to and correct the misinformation. *Id.*

There is a private right of action for both willful and negligent non-compliance with Section 1681s-2(b) of the FCRA. *See* 15 U.S.C. § 1681n (willful noncompliance); *id.* § 1681o (negligent noncompliance); s*ee also Nguyen*, 66 F. Supp. 3d at 305.

---

[6] The FCRA requires credit reporting agencies to notify credit furnishers when information that they provided is being disputed. *See* 15 U.S.C. § 1681i(a)(2).

("Although the Second Circuit has not directly addressed the issue, the majority of courts to address whether a private right of action exists for willful or negligent noncompliance with Section 1681s–2(b) have recognized one.") (citations omitted); *Lichtman v. Chase Bank USA, N.A.*, No. 18-CV-10960, 2020 WL 1989486, at \*4 (S.D.N.Y. Apr. 27, 2020) ("private plaintiffs may bring an action for willful or negligent noncompliance with § 1681s-2(b)") (internal quotation marks and citation omitted).

The adequacy of an investigation conducted pursuant to Section 1681s-2(b) of the FCRA is judged under a "reasonableness" standard. *Dickman v. Verizon Commc'ns, Inc.*, 876 F. Supp. 2d 166, 172 (E.D.N.Y. 2012) ("While the Second Circuit has not yet defined the specific contours of a furnisher's investigatory responsibility under this statute, courts both within and outside the Circuit have assumed a reasonableness standard for judging the adequacy of the required investigation.") (internal quotation marks and citation omitted).

Thus, in order to state a claim under Section 1681s-2(b) of the FCRA ("Section 1681s-2(b) claim"), a plaintiff must demonstrate both that "(1) a [credit] furnisher received notice of a credit dispute from a [credit reporting agency] . . . and (2) the furnisher negligently or willfully failed to conduct a reasonable investigation." *Jackling v. HSBC Bank USA, N.A.*, No. 15-CV-6148, 2019 WL 162743, at \*4 (W.D.N.Y. Jan. 10, 2019) (citing *Frederick v. Capital One Bank (USA), N.A.*, No. 14-CV-5460, 2018 WL 1583289, at \*6–7 (S.D.N.Y. Mar. 27, 2018), *appeal dismissed sub nom. Frederick v. Capital One Bank (USA) NA*, No. 18-2503, 2019 WL 4011476 (2d

9

Cir. Feb. 27, 2019)). Further, for a Section 1681s-2(b) claim to succeed, a plaintiff must be able to prove that the information reported was in fact inaccurate. *See Matheson v. Ocwen Fed. Bank FSB*, No. 05-CV-02747, 2008 WL 11413560, at *8 (E.D.N.Y. June 18, 2008) ("A prerequisite to any successful [FCRA] claim is, obviously, the ability of [Plaintiff] to offer proof that the information [credit furnisher Defendant] reported was inaccurate.")

    *ii.    Notification of Dispute*

Plaintiff alleges that based on a July 18, 2018 dispute letter that he sent to Trans Union and Equifax regarding the late notation "it is believed, and therefore averred" that Trans Union and Equifax notified Defendant TD Bank of the dispute. Compl., ¶¶ 57-58.

Although presumptive, this allegation survives a motion for judgment on the pleadings under Section 1681s-2(b) of the FCRA. *See Hart v. Equifax Info. Servs. LLC*, No. 19-CV-00342, 2019 WL 4757325, at *4 (N.D.N.Y. Sept. 30, 2019) (citing *Munroe v. Nationstar Mortg. LLC*, 207 F. Supp. 3d 232, 238-39 (E.D.N.Y. 2016) ("To survive a motion to dismiss a [Section 1681s-2(b)] claim, a plaintiff need not provide documentary evidence or detailed information about the nature of the furnisher's notification by the credit reporting agency . . . . Given the information asymmetry and the fact that credit reporting agencies are legally obligated to inform furnishers of disputes, an allegation that the plaintiff reported a dispute to credit reporting agency and that (upon information and belief) the agency notified the furnisher of the dispute is sufficient to survive a motion to dismiss").

10

Thus, for purposes of the instant motion, Yuli has satisfactorily alleged that TD Bank was notified by a credit reporting agency that his account was disputed as required to establish a Section 1681s-2(b) claim.

### iii. *Adequacy of Investigation*

Plaintiff alleges that after Defendant was notified by Transunion and Equifax that he was disputing the account, TD Bank both failed to conduct a reasonable investigation and continued to report "false and inaccurate adverse information." Compl., ¶ 60. According to Yuli, this incorrect information included late payment notations. *Id.*

Defendant argues that Plaintiff's claim must be dismissed because the allegation that it failed to conduct a reasonable investigation is conclusory and lacks factual support. Def. Memo, 7-9. Specifically, TD Bank asserts that Plaintiff failed to allege any facts regarding the nature of the investigation procedures or how it was unreasonable. *Id.* at 2. This argument fails.

Here, it is true that Plaintiff's only factual allegations regarding the adequacy of the investigation are that TD Bank was made aware that the information it was reporting was in dispute, and it continued to report the "false" information. Compl., ¶ 60. However, as analyzed by courts in the Second Circuit, these assertions are sufficient to allege that Defendant failed to conduct a reasonable investigation as required for a Section 1681s-2(b) claim. *See Hart*, 2019 WL 4757325 at *5 (finding a sufficient allegation of willful or negligent noncompliance under Section 1681s-2(b) of the FCRA when inaccurate information remained on a credit report despite a

11

dispute); *see also Williams v. Bayview Loan Servicing, LLC*, No. 14-CV-7427, 2016 WL 8711209, at *6–7 (E.D.N.Y. Jan. 22, 2016) (denying a motion to dismiss on a Section 1681s-2(b) claim where a plaintiff alleged that defendant, *inter alia*, failed to delete information found to be inaccurate and erroneous, and/or failed to properly investigate the disputed information, stating that "[i]nformation about the precise nature of the investigation is uniquely in the hands of [Defendant].  Plaintiffs cannot be expected to have much more information about the reasonableness of the investigation at this stage of the litigation than they have stated in their complaint").

Thus, Plaintiff adequately alleges that Defendant failed to conduct a reasonable investigation for a Section 1681s-2(b) claim.

### iv.   *Accuracy of Disputed Information*

Finally, Defendant argues that because Yuli was in fact late on his payments, his Section 1681s-2(b) claims fail as a matter of law and should be dismissed.  Def. Memo, 1-2, 5-7.  The Court agrees.  The Credit Card statements show that Plaintiff failed to make any payments in April and May of 2017, and again in August and September of 2017. DE [71-4], Ex. A, TD Bank_MJP_000022 – TD Bank_MJP_00025, TD Bank_MJP_000030 – TD Bank_MJP_00033.  Thus, when Plaintiff notified Trans Union and Equifax of his dispute regarding "inaccurate information" in the form of late payment notations on July 18, 2018, the information was in fact accurate.

As set forth above, for Plaintiff to succeed on a Section 1681s-2(b) claim, the disputed information must actually be inaccurate. *See Matheson*, 2008 WL 11413560, at *8 (granting summary judgment on Section 1681s-2(b) claim where a plaintiff

12

could not prove that the information reported was inaccurate); *Lichtman v. Chase Bank USA, N.A* No. 18-CV-10960, 2020 WL 1989486, at *6 (S.D.N.Y. Apr. 27, 2020) (granting summary judgment to a credit-furnisher defendant on a Section 1681s-2(b) claim where the plaintiff alleged that the credit furnisher continued to report late payment notations on an account after being notified of a dispute because the disputed late-payment notations, "which formed the basis of [defendant's] alleged FCRA violation," were accurate).

Here, the late payment notations disputed by Plaintiff, which form the basis of his claims, are accurate— Plaintiff failed to make payments when they were due, and thus was late on his payments, four times prior to July of 2018. This is despite his allegation that he was "never late," on his payments. Further, Yuli did not dispute the accuracy of any of the late payment information reflected in the Credit Card Statements from prior to August of 2018 in Plaintiff's Opposition.

Thus, from the pleadings, TD Bank is entitled to judgment as a matter of law. *See Dargahi*, 370 F. App'x at 174 (2d Cir. 2010) (citation omitted) (stating that granting a Rule 12(c) motion is "proper if, from the pleadings, the moving party is entitled to judgment as a matter of law.")

Accordingly, the Court recommends that the motion for judgment on the pleadings be granted.

### v.  Leave to Amend

In Plaintiff's Opposition, he requests leave to "replead the Complaint with more definite factual allegations" if Defendant's motion is granted. Pl. Opp., 1. The Court recommends denying this request.

Fed. R. Civ. P. 15(a)(2) provides that outside the time period in which a party may amend its pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In general, this means that a motion to amend should be granted unless there is evidence of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility[.]" *Quaratino v. Tiffany & Co.,* 71 F.3d 58, 66 (2d Cir. 1995) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 228 (1962) ); *see Alexandre v. Town of Hempstead,* 275 F.R.D. 94, 97 (E.D.N.Y. 2011). Regarding futility, "an amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

In Plaintiff's Opposition, he attempts to modify his Section 1681s-2(b) claims by alleging that TD Bank's violations were based on its reporting of information relating to Yuli's credit card statements from August 10, 2018 through November 10, 2018. Pl. Opp., 1. Specifically, Yuli argues that he has effectively pled a violation of the FCRA because Defendant "failed to accurately report delinquencies for the period [sic] August 2018 to November 2018 despite the fact that Plaintiff [] made

14

underpayments during this time period that were materially no different from the month that was reported as delinquent, December 2018." *Id.*

Assuming this to be the case however, Plaintiff does not allege that he ever provided notification to any of the Defendants regarding this dispute, which post-dates his July 18, 2018 letter. *See* Pl. Opp. Accordingly, his proposed amended claim fails to establish the first element of a cause of action as set forth above, and TD Bank would still be entitled to judgment as a matter of law. The proposed amendment is therefore futile, and leave to amend should be denied.

## IV. CONCLUSION

For the reasons set forth above, the Court respectfully recommends granting Defendant's motion for judgment on the pleadings with respect to Plaintiff's Section 1681s-2(b) claims against TD Bank on Fed. R. Civ. P. 12(c) grounds. The Court further recommends that the claims be dismissed with prejudice. Finally, the Court recommends that leave to amend be denied.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within the specified period waives the right to appeal the District Court's order. *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

15

Dated:    Central Islip, New York
           August 7, 2020        /s/ Steven I. Locke
                                                STEVEN I. LOCKE
                                                United States Magistrate Judge